UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BUDDY ALLAN HOUSER,

    Plaintiff,

v.                                                            CASE NO. 6:11-cv-459-Orl-31DAB

DEPARTMENT OF CORRECTIONS, et al.,

    Defendants.

## ORDER OF DISMISSAL WITH PREJUDICE

Plaintiff, a prisoner seeking to proceed *pro se*, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 1). Pursuant to 28 U.S.C. § 1915A(b), courts are required to conduct an initial screening of certain civil suits brought by prisoners to determine whether the suit should proceed:

    (b)     Grounds for Dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

        (1)     is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

        (2)     seeks monetary relief from a defendant who is immune from such relief.

Thus, the courts are obligated to screen prisoners' civil rights complaints as soon as practicable and to dismiss those which are frivolous or fail to state a claim for relief. *Cuoco v. Spears*, No. 96 Civ. 1624 (PKL), 1996 WL 284948 (S.D.N.Y. May 29, 1996).

In addition, 28 U.S.C. § 1915(e) directs the court to dismiss actions which are frivolous or malicious, fail to state a claim for relief, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). A complaint is frivolous if it is without arguable merit either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Cofield v. Alabama Public Service Com'n*, 936 F.2d 512 (11th Cir. 1991); *Prather v. Norman*, 901 F.2d 915 (11th Cir. 1990). Additionally, the Court must read the plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

In the instant case, Plaintiff alleges that his Fourth, Fifth, Eleventh, and Fourteenth Amendments rights have been violated based on his conviction for violation of probation. In support of this argument, Plaintiff contends that the BB gun that his probation officer found under his bed was not a weapon under Florida law, and as such, his sentence for a non-existent offense is illegal. Plaintiff maintains that he is falsely imprisoned in violation of the United States Constitution. Plaintiff seeks compensatory damages and release from incarceration.

The United States Supreme Court has held as follows:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily

> imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.
>
> . . . .
>
> . . . We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action. Even a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnotes omitted).

The Court concludes that a judgment in favor of Plaintiff in this action would necessarily imply the invalidity of his State conviction and sentence. Plaintiff seeks damages directly attributable to his conviction and sentence. However, he has not alleged or otherwise demonstrated that his conviction or the challenged action has been invalidated; consequently, the instant claim is not cognizable under section 1983 and must be dismissed with prejudice.[1]

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This case is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted.[2]

2. All pending motions are **DENIED** as moot.

---

[1] In *Abella v. Rubino*, 63 F.3d 1063 (11th Cir. 1995), the Eleventh Circuit affirmed the district court's dismissal of the case with prejudice since the cause of action was not ripe. *Accord Stephenson v. Reno*, 28 F.3d 26 (5th Cir. 1994).

[2] The Court notes that if Plaintiff is seeking to challenge the constitutionality of his convictions or sentences, he may wish to initiate a habeas action.

3. The Clerk of the Court is directed to enter judgment and to close this case.

**DONE AND ORDERED** at Orlando, Florida, this 6th day of April, 2011.

                                                                                    _____
                                                                                    GREGORY A. PRESNELL
                                                                                    UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-1 4/6
Buddy Allan Houser